**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIM. NO. 3:98-CR-226-ARC-7 |
| v. | |
| | (JUDGE CAPUTO) |
| JAMAR TEEL | |

**MEMORANDUM ORDER**

Having served his sentence, Jamar Teel petitions for the expungement of his criminal record. Teel states that "[h]aving a felony on my record renders me from gaining better employment and so forth." Because the Court has no jurisdiction to entertain the petition, it will be dismissed.

The inherent equitable power of federal courts to expunge criminal records is of "exceedingly narrow scope" and may be used only where a case "presents extraordinary circumstances." *See Geary v. United States*, 901 F.2d 679, 679 (8th Cir. 1990); *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Such "extraordinary circumstances" exist where the petition for expungement challenges the legality of the underlying criminal proceeding. *United States v. Rowlands*, 451 F.3d 173, 177 (3d Cir. 2006).

The dispositive consideration in this case is the Court's lack of jurisdiction over the petition. The Third Circuit has held[1] that "in the absence of any applicable statute enacted

---

[1] The court of appeals held that this conclusion was mandated by the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The Court held that because federal courts are of limited jurisdiction, ancillary jurisdiction exists for only two purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 380. The Third Circuit held that a petition for the expungement of a criminal record that does not directly challenge the validity of the underlying criminal proceeding, but proceeds solely on equitable grounds, does

by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal." *United States v. Dunegan*, 251 F.3d 477, 480 (3d Cir. 2001). The Third Circuit has applied this rule to find that jurisdiction was lacking where a convict sought expungement of his criminal record so that he could gain re-certification as a teacher. *Rowlands*, 451 F.3d at 175–78. The court of appeals concluded that "[b]ecause [the convict] has not attacked the validity of the underlying conviction, we reject his contention that we have inherent jurisdiction over his petition for expungement." *Id.* at 178.

Here, Teel raises only equitable concerns. He does not allege that his conviction violates any statutory or constitutional provisions or was otherwise irregular. Thus, this Court lacks jurisdiction over his petition.  Therefore, this 1st day of June, 2011, **IT IS HEREBY ORDERED** that Jamar Teel's petition for expungement of his criminal record (Doc. 535) is **DISMISSED** for lack of jurisdiction.


 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

---

not fall into either of these two categories described by *Kokkonen*.